UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LUCILLE BELLO,

                                Plaintiff,

            -against-

THE CITY OF NEW YORK and POLICE OFFICERS
JOHN DOES #1-8 (names and number of whom are
unknown at present), and other unidentified members of the
New York City Police Department,

                                Defendants.

**17 CIV**

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

------------------------------------------------------------------------ X

## **PRELIMINARY STATEMENT**

1. This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff was lawfully standing in front of 197 Beach 29th Street, Far Rockaway, New York 11691 when she was subjected to excessive force by the defendant New York City police officers. Plaintiff was deprived of her constitutional rights when the individually named police officer defendants unlawfully threw plaintiff down to the ground causing her to sustain serious physical injuries in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

## **JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon

this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. Plaintiff Lucille Bello is a citizen of the United States and a resident of the County of Queens, City and State of New York.

6. New York City Police Officers John Doe #1-8 are and were at all times relevant herein officers, employees, and agents of the New York City Police Department.

7. Police Officers John Doe #1-8 are being sued in their individual capacity and official capacity.

8. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New

York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

9. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

10. On September 8, 2014, at approximately 7:00 p.m., plaintiff Lucille Bello was lawfully standing in front of her apartment building located at 197 Beach 29th Street, Far Rockaway, New York.

11. A few minutes before going outside, plaintiff observed a commotion outside of her apartment window.

12. Plaintiff went outside to see what the commotion was in front of her building and to make sure her teenage daughter was not outside near the commotion.

13. Upon exiting her apartment building, plaintiff observed several police officers arresting two teenage boys.

14. Suddenly, without provocation or reasonable justification, one of the defendant police officers grabbed plaintiff and threw her to the ground causing plaintiff to land on her left elbow.

15. As a result of excessive force used by the defendant police officers, plaintiff sustained serious physical injuries, including but not limited to, a fractured left elbow.

16. The force used by the defendant police officers against plaintiff was unreasonable and unnecessary, as plaintiff did not engage in any behavior that would justify the force used against her.

17. The defendant police officers observed the violation of plaintiff's rights under the Constitution of the United States and did nothing to prevent the unjustifiable use excessive force against plaintiff.

18. Notably, at no point in time was plaintiff ever arrested for committing any crime.

19. Thereafter, several neighbors called 911 to request an ambulance for plaintiff.

20. Plaintiff was treated at the scene by EMS and then transported to St. John's Episcopal Hospital for further medical treatment.

21. Upon arrival at St. John's Episcopal Hospital, plaintiff was provided medical treatment for the injuries she sustained as a result of the use of excessive force against her by the defendant police officers.

22. Ultimately, plaintiff was diagnosed with a fractured left elbow.

23. The excessive force used against plaintiff by the individually named defendant Police Officers caused plaintiff to sustain permanent physical, psychological and emotional damages.

# FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth And Fourteenth Amendment Rights

24. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 23 with the same force and effect as if more fully set forth at length herein.

25. The use of excessive force by the defendant police officers in grabbing, pushing and throwing plaintiff to the ground was an objectively unreasonable physical seizure of plaintiff in violation of her rights under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

# SECOND CAUSE OF ACTION

## Failure to Intervene

26. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 25 with the same force and effect as if more fully set forth at length herein.

27. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

28. Defendants failed to intervene to prevent the unlawful conduct described herein.

29. As a result of the foregoing, plaintiff's was subjected to excessive force.

30. The individually named defendant Police Officers were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## THIRD CAUSE OF ACTION

## Municipal Liability under 42 U.S.C. § 1983

31. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 30 with the same force and effect as if more fully set forth at length herein.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of defendant City of New York, which is forbidden by the Constitution of the United States.

33. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department included, but were not limited to policies, customs and practices wherein New York City Police Officers subject individuals to excessive force and create false versions of events to justify their actions.

34. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the violation of plaintiffs' constitutional rights as described herein. As a result of the failure of defendant City of New York and the New York City Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City of New York has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

- 7 -

35. The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

36. The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

37. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was subjected to excessive force.

38. Defendants collectively and individually, while acting under color of state law were directly and actively involved in violating plaintiffs' constitutional rights.

## JURY DEMAND

39. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff Glenn Taylor shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

a. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

b. That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated:   New York, New York
         July 3, 2017

By:  /s/
STUART E. JACOBS, ESQ.
DAVID M. HAZAN, ESQ.
JACOBS & HAZAN, LLP
Attorneys for Plaintiff
30 Vesey Street, 4th Floor
New York, NY 10007
(212) 577-2690